```
                    United States District Court
                      District of Massachusetts
 _____
                                )
Anantkumar Patel, et al.,       )
                                )
        Plaintiffs,             )
                                )
        v.                      )
                                )       Civil Action No.
Chad Wolf, et al.,              )       19-10234-NMG
                                )
        Defendants.             )
                                )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Anantkumar and Meenaben Patel ("the Patels" or "plaintiffs") bring this action against Chad Wolf (Acting Secretary of the United States Department of Homeland Security), Kenneth T. Cuccinelli II (Acting Director of the United States Citizenship and Immigration Services), Michael J. McCleary (Director of the Boston Field Office of the United States Citizenship and Immigration Services), William Barr (United States Attorney General), James McHenry (Director of the Executive Office for Immigration Review) and Garry D. Malphrus (Acting Chairman of the Board of Immigration Appeals) (collectively, "defendants").[1]  Plaintiffs seek an order of the

---

[1] The defendants named in the original complaint no longer hold public office and have been replaced by the above-named defendants pursuant to Fed. R. Civ. P. 25(d).

Court compelling defendants to adjudicate plaintiffs' applications for adjustment of immigration status.

Pending before the Court is the motion of defendants to dismiss plaintiffs' complaint (Docket No. 7).

I.  **Background**

Plaintiffs have lived in the United States for approximately 27 years since they entered in January, 1992, on six-month tourist visas.  In 1993, long after the expiration of their visas, the Immigration and Naturalization Service ("INS") placed plaintiffs into deportation proceedings.  In 1996, plaintiffs were ordered deportable after they failed to appear at their removal hearing.

In 2009, plaintiffs filed their first motion to reopen their deportation proceedings alleging that improper notice caused them to miss their 1996 hearing.  An immigration judge in the Executive Office of Immigration Review ("EOIR") denied plaintiffs' petition and plaintiffs appealed to the Board of Immigration Appeals ("BIA") which affirmed the immigration judge's denial.  Plaintiffs then appealed to the United States Court of Appeals for the Eighth Circuit, which denied their appeal.

In December, 2015, plaintiffs filed a second motion to reopen deportation proceedings with the BIA based on pending visa petitions filed by their daughter who is a United States citizen. The BIA denied the motion as untimely.

In November, 2016, United States Citizenship and Immigration Services ("USCIS") approved plaintiffs' I-130 Petitions which made plaintiffs eligible to apply for adjustment of immigration status to permanent residents without leaving the United States. 8 U.S.C. § 1255.

The following month, plaintiffs applied to USCIS for adjustment of status. In August and September, 2017, USCIS administratively closed Mr. and Mrs. Patel's applications. The agency explained in its denial that, because plaintiffs were respondents in a removal proceeding and were not "arriving aliens", EOIR had exclusive jurisdiction to review their applications for adjustment of status. See 8 C.F.R. §§ 245.2(a) and 1245.2(a).

In October, 2017, the Patels filed their third motion to reopen with the BIA, which was denied in February, 2018. The Eighth Circuit Court of Appeals subsequently denied plaintiffs' petition for review.

The Patels filed their complaint in the instant action in February, 2019 (Docket No. 1). They once again request that

their removal proceedings be reopened so that they may apply for adjustment of status. Defendants move to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim (Docket No. 7). Fed. R. Civ. P. 12(b)(1) and (6).

## II. Motion to Dismiss

### A. Standard of Review

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). If the defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

If, however, the defendant advances a "factual challenge" by controverting the accuracy, rather than the sufficiency, of the alleged jurisdictional facts, "the plaintiff's jurisdictional averments are entitled to no presumptive weight" and the court will consider the allegations by both parties and resolve the factual disputes. Id. The court has "broad authority" in conducting the inquiry and can, in its discretion,

consider extrinsic evidence in determining its own jurisdiction. Id. at 363-64.

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are

supported by mere conclusory statements do not suffice to state a cause of action. Id.  Accordingly, a complaint does not state a claim of relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**B. Application**

Plaintiffs seek judicial review of the determination by USCIS that it lacked jurisdiction to adjudicate plaintiffs' applications for adjustment of status because of outstanding removal orders.  Specifically, plaintiffs request that the Court invalidate the Attorney General regulations depriving USCIS of jurisdiction and order defendants to adjudicate plaintiffs' applications.

Preliminarily, defendants contest this Court's subject matter jurisdiction, contending that the Immigration and Nationality Act ("INA") strips it of such jurisdiction. 8 U.S.C. § 1252(a)(5).  Plaintiffs contend that this Court may exercise jurisdiction pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA").

The INA was enacted with the intent to "put an end to the scattershot and piecemeal nature" of removal proceedings through consolidation of the review of "all questions of law and fact" in the administrative process with judicial review vested

exclusively in the United States Courts of Appeals. Aguilar v. U.S. Immigration and Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007); 8 U.S.C. §§ 1252(a)(5), (b)(9). Section 1252(b)(9) of the INA provides that

> [j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). Section 1252(a)(5) further provides that

> [a] petition for review filed with an appropriate court of appeals. . . shall be the sole and exclusive means for judicial review of an order of removal. . . .

8 U.S.C. § 1252(a)(5).

The United States Court of Appeals for the First Circuit has clarified that the phrase "arising from" in section 1252(b)(9) extends the exclusive jurisdiction of the United States Courts of Appeals to include review of not only removal proceedings but also of "all matters" on which the validity of the final order of removal is contingent. Cano-Saldarriaga v. Holder, 729 F.3d 25, 27 (1st Cir. 2013). Such matters include any claims concerning removal proceedings that can be "effectively [] handled" through the congressionally prescribed administrative process. Aguilar, 510 F.3d at 11. On the other hand, a claim does not "aris[e] from" removal proceedings if the connection between the claim and removal is "remote or tenuous."

Id. at 10 (explaining that claims challenging detention or for money damages do not arise from removal proceedings).

Here, plaintiffs' claims are inextricably intertwined with their removal proceedings. Indeed, plaintiffs concede that USCIS denied their applications for adjustment of status because plaintiffs are subject to removal. In considering plaintiffs' applications, USCIS determined it could not act because of the existence of valid removal orders. As a result, plaintiffs' instant request to order USCIS to act would require an invalidation of the removal orders. Judicial review of such a request is limited to the exclusive jurisdiction of the United States Courts of Appeals. 8 U.S.C. § 1252(a)(5), (b)(9).

Plaintiffs nonetheless proclaim that their complaint does not "aris[e] from" their removal proceedings because they challenge the conclusion that USCIS lacks jurisdiction to review their applications rather than the denial of the applications themselves.

Relying on Succar v. Aschroft, 394 F.3d 8 (1st 2005), plaintiffs urge the Court to exercise jurisdiction because despite being eligible for adjustment of status, USCIS has declined to review their applications. As an initial matter, Succar is inapposite because it 1) did not consider the subject matter jurisdiction of a federal district court and 2) was

- 8 -

decided before Congress placed review of all final removal orders exclusively within the jurisdiction of the United States Courts of Appeals. Id. at 10.  Even if that were not the case, Succar is distinguishable on the merits.

In Succar, an alien challenged 8 C.F.R. § 245.1(c)(8), a regulation promulgated by the Attorney General that categorically barred applications for adjustment of status from any alien who had been granted parole status but had been placed in removal proceedings. 394 F.3d at 9.  The First Circuit Court of Appeals held that the Attorney General exceeded his authority under the enabling statue, 8 U.S.C. § 1255, because the regulation unconditionally prevented an entire class of individuals from applying for adjustment of status. Id. at 28-30.

Plaintiffs maintain that the Attorney General similarly exceeded his authority in promulgating 8 C.F.R. §§ 245.2 and 1245.2, the jurisdictional regulations of USCIS and EOIR.  As a result, plaintiffs argue, the Court should, as it did in Sucar, exercise jurisdiction pursuant to the APA and 28 U.S.C. § 1331 and strike down those regulations as inconsistent with 8 U.S.C. § 1255.

Plaintiffs' argument is unavailing.  The regulations at issue here do not categorically exclude a class of individuals

from applying for adjustment of status. Instead, they merely specify which department in DHS possesses the requisite authority to review certain applications. 8 C.F.R. §§ 245.2(a) and 1242.2(a)(1)(i). Specifically, the Attorney General has determined that EOIR has discretion over applications for adjustment of status filed by persons placed in removal proceedings whereas USCIS does not. Id. As aliens then subject to valid removal orders, plaintiffs' status adjustment applications were committed to the exclusive jurisdiction of the EOIR. 8 C.F.R. § 1245.2(a)(1)(i).

Unlike the alien in Succar, plaintiffs had the right to apply to EOIR for relief and indeed exercised that right. EOIR reviewed plaintiffs' applications and determined that a denial of their motions to reopen was appropriate given the untimely nature of their claim. In stark contrast to belonging to a class of individuals deemed categorically ineligible for adjustment of status, plaintiffs were simply unable to convince EOIR to reopen their removal proceedings.

Accordingly, plaintiffs' claims "aris[e] from" their removal proceedings and are committed to the sole discretion of the administrative process with judicial review vested in the United States Courts of Appeals. 8 U.S.C. § 1252(a)(5), (b)(9).

Plaintiffs' complaint will be dismissed for lack of subject matter jurisdiction.

**ORDER**

For the foregoing reasons, the motion of defendants to dismiss all counts against them (Docket No. 7) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 16, 2019